UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONELY DESHON CHAMBERS,

    Plaintiff,

v.

STATE OF MICHIGAN, *et al.*,

    Defendants.

_____/

CASE NO. 1:11-CV-24

HON. ROBERT J. JONKER

### ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 23) and Plaintiff Chambers's Objections to the Report and Recommendation (docket # 27). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

Plaintiff's only remaining claim in this case is an excessive force claim under the Eighth Amendment. The Magistrate Judge recommends summary judgment on this claim in favor of Defendants Thomsen, Cassel, Jones, Baker, and CO John Doe, because Plaintiff failed to exhaust his administrative remedies as to the claim. Plaintiff raises several objections, some of which overlap, and none of which is persuasive.

Plaintiff objects that he exhausted his administrative remedies as to the major misconduct report he received, which he describes as "the very issue that gives rise to [his] claim." (Obj., docket # 27, 2-4.) However, Plaintiff does not have a claim based on the major misconduct report; to the extent Plaintiff attempted to bring such a claim, it was dismissed in the Court's Opinion dated February 25, 2011. (Opinion, docket # 6, at 13.) This objection therefore fails.

Plaintiff also objects that he was not required to exhaust his administrative remedies as to his excessive force claim because monetary damages were not available through the grievance process. (Obj., docket # 27, at 3.) He adds that he "essentially acted to inform and advise Supervisory Officials of the Eighth Amendment violation," which he argues is sufficient to satisfy the exhaustion requirement. (*Id.*) He observes that in *Wyatt v. Leonard*, 193 F.3 876 (6th Cir. 1999), the court found the plaintiff had substantially complied with the exhaustion requirement of the Prison Litigation Reform Act of 1996, 42 U.S.C. § 1997e(a) ("PLRA"), even though that plaintiff in that case had not exhausted the prison grievance procedure. (*Id.*) He argues that this Court should do the same in his case. (*Id.*)

Plaintiff, who is proceeding *in pro per*, misunderstands the application of *Wyatt* to his case. Unlike Mr. Chambers, the plaintiff in *Wyatt* complained of actions that occurred before the PLRA became effective. *Wyatt*, 193 F.3d at 879. The *Wyatt* court noted explicitly that the plaintiff in that case "falls into a limited category of prisoner cases in which the events giving rise to the claim occurred before the effective date of the [PLRA]." *Id.* The *Wyatt* court emphasized that "the exhaustion requirement does not apply when the inmate's ability to exhaust for the event that gave rise to the action expired before enactment of the [PLRA]." *Id.* (citing *Bibbs v. Zummer*, 173 F.3d 428 (6th Cir. 1999)). The acts Mr. Chambers alleges in his own case occurred well after the effective date of the PLRA; he does not fall within the limited category of plaintiffs the *Wyatt* court mentions. On the contrary, as a prisoner whose claims arose after the PLRA became effective, he falls within *Wyatt's* holding that "[s]o long as the prison system has an administrative process that will review a prisoner's complaint even when the prisoner seeks monetary damages, the prisoner must exhaust his prison remedies." *Id.* at 878-79. Mr. Chambers was required to exhaust his administrative remedies as to his excessive force claim through the prison grievance process.

Finally, Mr. Chambers objects that his claim was non-grievable (docket # 27 at 2). It is not clear whether he is referring to the major misconduct report or to the excessive force claim. If he is referring to the former, the objection is moot, because there is no claim based on the major misconduct report in the case. If he is referring to the excessive force claim, the objection fails, because the record blatantly contradicts it: Plaintiff himself earlier identified the grievance on which he based his excessive force claim. (docket # 19-2 at p. 4.) He cannot now claim that alleged acts giving rise to the claim were non-grievable.

The Court concludes that the Report and Recommendation is factually sound and legally correct.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 23) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED:**

1. The Motion for Summary Judgment filed by defendants Captain Thomsen, Lieutenant Cassel, CO Jones and CO Baker (docket # 15) is **GRANTED** for failure to exhaust administrative remedies.

2. The unserved defendant, CO John Doe, is **GRANTED** summary judgment for failure to exhaust administrative remedies.

3. Plaintiff's Motion for Summary Judgment (docket # 18) is **DENIED**.

4. This case is **DISMISSED**.

5. For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated:   March 5, 2012          /s/ Robert J. Jonker
                                 ROBERT J. JONKER
                                 UNITED STATES DISTRICT JUDGE